# EXHIBIT 1

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") is entered into by, between, and among Jane Doe (Suzanne Fehr), Jane Doe #2 (Susan Mares), Jane Doe #3 (Kerry Morris), and John Doe (Amimul Sadequee), individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives") and Wellstar Health System, Inc. ("Defendant" and with Plaintiffs, the "Parties"). All terms, covenants, and conditions of this Settlement as memorialized herein are subject to and expressly contingent upon final Court approval; if the Settlement is not finally approved by the Court, then this Settlement Agreement shall be of no force or effect whatsoever, and the Parties shall be returned to the same posture as if this Settlement had never been reached.

## RECITALS

**WHEREAS**, on April 23, 2024, Plaintiff Jane Doe commenced this putative class action lawsuit by filing a complaint (the "Complaint") against Defendant in the United States District Court for the Northern District of Georgia captioned *Doe v. Wellstar Health System*, and which was assigned case number 1:24-cv-01748.

**WHEREAS**, an amended complaint was filed on August 2, 2024, naming Jane Doe #2, Jane Doe #3, and John Doe as additional plaintiffs (the "Amended Complaint").

**WHEREAS**, Plaintiffs, by the Amended Complaint, asserted individual and representative claims for: (i) invasion of privacy; (ii) breach of confidence; (iii) negligence; (iv) negligence per se; (v) breach of implied contract; (vi) breach of contract; (vii) unjust enrichment, and (viii) violations of the Electronic Communication Privacy Act, 18 U.S.C. § 2511(1) *et seq.* ("ECPA").

**WHEREAS**, the Action arises from Plaintiffs' allegations that Defendant disclosed information about Plaintiffs and Class Members—including personally identifiable information ("PII") and protected health information ("PHI") referred to herein collectively as "Private Information") —to third parties including, but not limited to, Meta Platforms, Inc. d/b/a Meta and Google LLC via tracking pixels, cookies, and other tracking technologies ("Tracking Technologies") installed on Defendant's website and patient portal (the "Web Properties"). Plaintiffs allege that Defendant's implementation and usage of such Tracking Technologies resulted in the invasion of Plaintiffs' and Class Members' privacy and other alleged common law and statutory violations.

**WHEREAS**, on August 30, 2024, Defendant filed a motion to dismiss, which was fully briefed as of October 18, 2024. On August 21, 2025, the Court granted in part and denied in part the motion to dismiss; Plaintiffs' claims for unjust enrichment and violation of the ECPA were permitted to proceed.

**WHEREAS**, Defendant answered the Amended Complaint on September 19, 2025. The Parties then negotiated a protective order and ESI protocol and propounded and responded to written discovery.

**WHEREAS**, on June 17, 2026, the Parties participated in a full-day mediation before Mr. Bennett G. Picker of Stradley Ronon Stevens & Young, LLP. The Parties were able to reach a settlement in principle and executed a term sheet that forms the basis for this Agreement and the attached exhibits.

**WHEREAS**, Defendant denies each and every one of the allegations, contentions, and claims that have been or could have been alleged against it in the Action and all charges of wrongdoing or liability of any kind.

**WHEREAS**, the Parties have concluded that further litigation would be protracted and costly, have considered the uncertainty and risks inherent in such complex litigation, and have determined that it is desirable to effectuate a full and final settlement of the Action on the terms set forth below to avoid the associated burdens, risks, and costs of protracted litigation.

**WHEREAS**, based on their substantial investigation and experience in data privacy and security matters—particularly those involving the healthcare industry—Class Counsel (defined below) have determined that the terms of this Settlement Agreement are fair, reasonable, and adequate for the Settlement Class Members (defined below) and are in their best interests. Accordingly, Class Counsel have agreed to resolve the claims asserted (or that could have been asserted) in the Action arising out of or relating to Defendant's use of Tracking Technologies on its Web Properties pursuant to the terms of this Settlement Agreement. In reaching this determination, Class Counsel considered, among other factors: (i) the significant benefits to be provided to Settlement Class Members; (ii) the uncertainty and risks inherent in continued litigation; (iii) the delays associated with litigation; and (iv) the desirability of bringing this litigation to a prompt and final resolution as set forth herein.

**WHEREAS**, this Settlement Agreement provides for the resolution of all claims and causes of action that have been or could have been asserted against Defendant relating to the use of Tracking Technologies on its Web Properties and any other such actions by and on behalf of any other individual originating, or that may originate, in jurisdictions in the United States of America against Defendant and the Released Defendant Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Defendant that, subject to the Court's final approval, when Judgment becomes Final, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to the Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms of this Settlement Agreement.

## I. DEFINITIONS.

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1. "**Action**" means the civil action filed as *Doe v. Wellstar Health System*, Case No. 1:24-cv-01748, currently pending in the United States District Court for the Northern District of Georgia.

1.2. **"Agreement"** or **"Settlement Agreement"** means this settlement agreement, including all exhibits, which the Parties understand, acknowledge, and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

1.3. **"Attorneys' Fees and Expenses Award"** means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request (and any request made by any other attorneys) for payment of reasonable attorneys' fees and litigation expenses incurred in respect of the Action.

1.4. "**Claim**" means a claim for Settlement Class Member Payment made further and pursuant to the terms of this Settlement Agreement.

1.5. "**Claimant**" means a Person who submits a Claim.

1.6. "**Claim Deadline**" means the date by which Settlement Class Members must submit a valid Claim Form to receive a cash payment under the Settlement. The Claim Deadline is seventy-five (75) Days after the Notice Date. One week after the postmark date shall constitute evidence of the date of mailing only (not online submission) for these purposes.

1.7. "**Claim Form**" means the claim forms to be used by Settlement Class Members to submit a Claim, either through the mail or online through the Settlement Website, substantially in the form attached as **Exhibit A** hereto.

1.8. "**Class Counsel**" means David Almeida and Britany Wessan of Almeida Law Group LLC, Brandon Wise and Andrew Tate of Peiffer Wolf Carr Kane Conway & Wise, LLP, and C.J. Cuneo of Milberg LLC.

1.9. **"Class List"** shall mean a list provided by Defendant of the names and last mailing and email addresses (when available) known to Defendant for the Settlement Class Members.

1.10. "**Court**" means the United States District Court for the Northern District of Georgia, which is overseeing the Action.

1.11. "**Cy Pres Recipient**" means the 501(c)(3) charitable organization jointly agreed upon by the Parties and approved by the Court for Residual Funds. The Parties propose Good Samaritan Health Center of Cobb or a similar recipient that the Court approves.

1.12. **"Day(s)"** means calendar days but does not include the day of the act, event, or default from which the designated period of time begins to run. Further, and notwithstanding the above, when computing any period of time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

1.13. "**Defendant's Counsel**" means Shook, Hardy & Bacon LLP.

1.14. "**Defendant Related Entities**" means any of Defendant's past or present parents, subsidiaries, or divisions and each of their respective predecessors, successors, directors, officers, principals, attorneys, insurers and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in the Action.

1.15. "**Dispute Resolution**" means the process for resolving disputed Claims as set forth in this Settlement Agreement.

1.16. "**Effective Date**" means the date the Settlement is Final.

1.17. "**Final**" means the occurrence of all the following events: (i) the Court has entered a Judgment; (ii) the time to appeal the Judgment has passed and no appeal has been filed; or (iii) if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.18. **"Final Approval Hearing"** means the hearing at which the Court will determine whether the Settlement should be given final approval pursuant to Federal Rule of Civil Procedure 23 and whether any Attorneys' Fees and Expenses Award and Settlement Class Representative Service Awards should be approved.

1.19. "**Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing which, among other things, finally approves the Settlement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects.

1.20. "**Long Form Notice**" means the long form notice of Settlement posted on the Settlement Website, substantially in the form attached as **Exhibit C**.

1.21. "**Notice and Settlement Administration Costs**" means all approved reasonable costs incurred or charged by the Settlement Administrator in connection with providing Notice to Settlement Class Members, processing claims, and otherwise administering the Settlement including issuing any notice required under the Class Action Fairness Act, 28 U.S.C. § 1715. This does not include any separate costs incurred directly by Defendant or any of Defendant's attorneys, agents, or representatives in this Action.

1.22. "**Notice Date**" means a date within thirty (30) Days after entry of the Preliminary Approval Order by which the Settlement Administrator shall provide the notice contemplated herein and as approved by the Court, namely, by sending Email Notice, and Short Form Notice by U.S. Mail where email addresses are not available, to all Settlement Class Members for whom Defendant has valid addresses. The Notice Date shall be used for purposes of calculating the Claim Deadline, Opt-Out Deadline, and Objection Deadline and all other deadlines that are based on the Notice Date.

1.23. "**Objection Deadline**" means the date by which Settlement Class Members must mail to Class Counsel and Defendant's Counsel and file with the Court, their Objection (defined below) to the Settlement Agreement for that objection to be effective. One week after the postmark date shall constitute evidence of the date of mailing only (not online submission) for these purposes. The Objection Deadline is sixty (60) Days after the Notice Date.

1.24. "**Opt-Out Deadline**" means the date by which the Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. One week after the postmark date shall constitute evidence of the date of mailing only (not online submission) for these purposes. The Opt-Out Deadline is sixty (60) Days after the Notice Date.

1.25. "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, and/or agents.

1.26. "**Preliminary Approval Order**" means the order certifying the proposed Settlement Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached hereto as **Exhibit D**.

1.27. "**Released Claims**" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, lawsuits, complaints, set-offs, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and costs, losses, rights, demands, charges, debts, contracts, penalties, or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct or indirect, matured or not matured, individual or representative, of every nature and description whatsoever, based on the Action, against Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act regarding the alleged disclosure, use, interception, or transfer of information through Tracking Technologies on the Web Properties. The Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims. In the event any Settlement Class Member attempts to prosecute an action in contravention of a Final Approval Order and Judgment or the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Approval Order and Judgment to such Settlement Class Member and advise such Settlement Class Member of the Release provided pursuant to the Settlement Agreement. If so requested by Defendant or Defendant's counsel, Class Counsel shall provide this notice. Plaintiffs and all Settlement Class Members who do not timely and validly opt-out of the Settlement shall be bound by this Settlement Agreement and the Release, and all of the Released Claims shall be dismissed with prejudice.

1.28. "**Released Parties**" means Defendant and the Defendant Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each

of their respective predecessors, successors, owners, directors, officers, principals, employees, agents, attorneys, insurers, and reinsurers.

1.29. **"Residual Funds"** means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and after all settlement payments to Settlement Class Members. Often in class action settlements, some number of class members who submit valid claims and are then issued Settlement payments fail to cash or deposit their settlement payments. The funds remaining in the Settlement Fund after Settlement payments have been distributed and the time for cashing and/or depositing such payments has expired will be Residual Funds. The Residual Funds will be sent to the Cy Pres Recipient.

1.30. **"Service Awards"** means the amount to be paid, if and as approved by the Court, to Plaintiffs Jane Doe (Suzanne Fehr), Jane Doe #2 (Susan Mares), Jane Doe #3 (Kerry Morris), and John Doe (Amimul Sadequee) in an amount of two thousand five hundred dollars ($2,500) each (or such other amount as determined by the Court) to compensate them for the time and effort spent pursuing this class action lawsuit on behalf of the Settlement Class. The Service Awards shall be paid from the Settlement Fund.

1.31. "**Settlement Administrator**" means the Court-appointed class action settlement administrator retained to carry out the notice plan, issue any required notice under the Class Action Fairness Act, administer the Settlement Fund distribution process, and perform all other actions as specified in this Settlement Agreement, as agreed to by the Parties, or as ordered by the Court. The Parties, subject to Court approval, have agreed to use Epiq, a company experienced in administering class action claims generally and specifically those of the type provided for in the Action, as Settlement Administrator in this matter.

1.32. "**Settlement Class**" means all persons residing in the United States whose information was disclosed to a third party between February 19, 2020 and July 22, 2026 through Tracking Technologies on Wellstar's Web Properties. The Settlement Class specifically excludes: (a) any Judge presiding over this Action, any members of the Judges' respective staffs, and immediate members of the Judge's family; (b) officers and directors of the Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (c) persons who timely and validly request exclusion from or opt out of the Settlement Class; (d) the legal representatives, successors, or assigns of any such excluded persons; and (e) Class Counsel.

1.33. "**Settlement Class Member(s)**" means all Persons meeting the definition of the Settlement Class. The Parties estimate the number of Settlement Class Members to be approximately 870,000.

1.34. "**Settlement Class Member Payment**" means a *pro rata* cash payment for Settlement Class Members who submit a Valid Claim from the Settlement Fund.

1.35. "**Settlement Fund**" means the non-reversionary Settlement Fund of four million two hundred fifty thousand dollars and zero cents ($4,250,000).

1.36. "**Settlement Website**" means a dedicated website created and maintained by the Settlement Administrator, which will contain, among other things, a webpage for Settlement Class Members to submit a claim as well as to review relevant documents and information about the Settlement including, but not limited to, this Settlement Agreement, the Short-Form Notice, the Long-Form Notice, and relevant dates and deadlines.

1.37. "**Short Form Notice**" means the short form notice of the proposed class action settlement, substantially in the form in **Exhibit B** attached hereto. The Short Form Notice will direct recipients to the Settlement Website and inform Settlement Class Members of, among other things, the Claim Deadline, the Opt-Out and Objection Deadlines, and the date of the Final Approval Hearing.

1.38. "**Unknown Claims**" means any of the Released Claims that Plaintiffs do not know or suspect to exist in their favor at the time of the release of the Released Parties that, if known by them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decisions not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have waived the provisions, rights, and benefits conferred by California Civil Code § 1542, (or any similar, comparable, or equivalent provision of any federal, state or foreign law, or principle of common law which is similar, comparable, or equivalent to California Civil Code § 1542) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the allegations in the Action underlying the Released Claims, but Plaintiffs expressly shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims on behalf of the Settlement Class. The Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.39. "**Valid Claims**" means Claims that are timely and validly completed and approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## II. SETTLEMENT CONSIDERATION.

2.1 Defendant agrees to cause to be made a payment of four million two hundred fifty thousand dollars and zero cents ($4,250,000) as the total Settlement Fund. The Settlement Fund is non-reversionary to Defendant.

2.2 Within thirty (30) Days of the Court's entry of a Preliminary Approval Order, Defendant, its insurer(s), or any other party on behalf of Defendant, shall deposit two hundred and fifty thousand dollars ($250,000) into an account designated by the Settlement Administrator for the purpose of funding Notice and Settlement Administration Costs. To the extent that any portion of those funds are not required to fund Notice and Settlement Administration Costs, the Settlement Administrator shall hold such portion for the purpose of paying Settlement claims.

2.3 Within thirty five (35) Days of the Court's entry of a Final Approval Order, Defendant, its insurer(s), or any other party on behalf of Defendant, shall deposit the remaining four million dollars ($4,000,000) into an account designated by the Settlement Administrator.

2.4 The Settlement Fund shall be deposited in an appropriate qualified settlement fund account ("QSF") established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

2.5 In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason except such termination or failure is the result of any action or omission by Plaintiffs: (a) Plaintiffs and Class Counsel shall have no obligation to repay any of the Notice and Settlement Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (b) any amounts remaining in the Settlement Fund (after payment of Notice and Settlement Administration Costs already paid or incurred in accordance with the terms and conditions of this Agreement), including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant; and (c) no other person or entity shall have any further claim whatsoever to such amounts.

2.6 As further set forth in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (a) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement; (b) any taxes owed by the Settlement Fund; (c) any Service Awards approved by the Court; (d) any Attorneys' Fees and Expenses Award as approved by the Court; (e) *pro rata* cash payments to Settlement Class Members who submit a Valid Claim Form; and (f) any *cy pres* payment to an agreed upon and Court-approved Cy Pres Recipient unaffiliated with the Parties. The Settlement Administrator will maintain control over the Settlement Fund and shall be responsible for all disbursements, including payment of any applicable taxes.

2.7 No amounts may be withdrawn from the Settlement Fund unless (a) expressly authorized by the Settlement Agreement or as may be (b) approved by the Court. Class Counsel and Defendant's Counsel may jointly authorize the periodic payment of actual reasonable Notice and Settlement Administration Costs from the Settlement Fund as such expenses are invoiced without further order of the Court.

2.8 The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be

responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund.

2.8.1 The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check-clearing process.

2.8.2 The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

2.9 Limitation of liability:

2.9.1 Defendant and its counsel shall not have any responsibility for or liability with respect to (a) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the formulation, design, or terms of the disbursement of the Settlement Fund; (d) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (e) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

2.9.2 Plaintiffs and Class Counsel shall not have any liability with respect to (a) any act, omission, or determination of the Settlement Administrator (or any of its respective designees or agents) in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the formulation, design, or terms of the disbursement of the Settlement Fund; (d) any losses suffered by or fluctuations in the value of the Settlement Fund; or (e) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## III. BENEFITS TO SETTLEMENT CLASS MEMBERS.

3.1 The Settlement Fund shall be distributed via *pro rata* cash payments to Settlement Class Members who submit a valid and timely Claim Form, after deducting the apportioned share of Notice and Settlement Administration Costs as well as all Court-approved Service Awards and Attorneys' Fees and Expenses Award.

3.2 Settlement Class Members shall have the opportunity to submit a timely claim to receive a distribution from the Settlement Fund. Settlement Class Members may submit a claim and the Settlement Administrator will make *pro rata* Settlement payments, which may increase or decrease the cash payment depending on the amount in the Settlement Fund and the number of valid Claimants.

## IV. SETTLEMENT CLAIMS.

4.1 Claims: Each Settlement Class Member shall have the opportunity to submit a Claim Form on or before the Claim Deadline to receive a Settlement Class Member Payment from the Settlement Fund.

4.2 Claim Deadline: In order to be eligible to receive a Settlement Class Member Payment, all Settlement Class Members must complete and submit a Claim Form to the Settlement Administrator prior to the Claim Deadline. The Claim Deadline is seventy-five (75) Days after the Notice Date.

4.2.1 Claim Forms submitted online must be submitted on or before the seventy-fifth (75) Day after the Notice Date to receive a Settlement Class Member Payment.

4.2.2 Claim Forms may also be submitted via U.S. Mail. In order to be considered timely, all mailed Claim Form submissions must be postmarked by the Claim Deadline.

4.2.3 The notice to the Settlement Class will specify the Claim Deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her Claim is true and correct, to the best of his or her knowledge and belief and is being made under penalty of perjury. Notarization shall not be required.

4.3 Dispute Resolution: The Settlement Administrator will determine whether (a) the Claimant is a Settlement Class Member and (b) the Claimant has provided all information needed to complete the Claim Form. If either Party disagrees with the Settlement Administrator's determination and they reach an impasse on resolving the disagreement, they shall have the right to contest the Settlement Administrator's decision by submitting the matter to the Court.

## V. NOTICE AND SETTLEMENT ADMINISTRATION EXPENSES.

5.1 All Notice and Settlement Administration Costs including, without limitation, the fees and expenses of the Settlement Administrator shall be paid from the Settlement Fund. The Settlement Administrator shall, upon prior approval of Class Counsel and Defendant's Counsel, debit the Settlement Fund for its costs, expenses, and time associated with the provision of Notice and Settlement Administration as set forth herein.

## VI. CLASS NOTICE AND SETTLEMENT ADMINISTRATION.

6.1 Once approved by the Court via the Preliminary Approval Order, Notice shall be provided to Settlement Class Members by the Settlement Administrator as follows:

a) No later than fourteen (14) Days after entry of the Preliminary Approval Order ordering Defendant to provide the Class List, in a format or formats readily usable by the Settlement Administrator, to the extent available. Defendant shall provide the Settlement Administrator with the Class List, including the name, last known physical address, and last known electronic mail (email) address (where available) of each Settlement Class Member.

b) Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information.

   a. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Short Form Notice; (ii) the Long Form Notice; (iii) the Claim Form; (iv) the Preliminary Approval Order; (v) this Settlement Agreement; and (vi) any other materials agreed upon by the Parties or required by the Court.

   b. The Settlement Website shall provide Settlement Class Members with the ability to complete and to submit the Claim Form electronically.

   c. The Settlement Website shall remain active for at least 120 Days after the Effective Date.

c) Within thirty (30) Days after the entry of the Preliminary Approval Order, and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator will provide Notice to the Settlement Class.

d) The primary form of notice shall be via electronic mail to the email address used by each Settlement Class Member on Defendant's Web Properties.

e) If any Settlement Class Member does not have an associated email address or for whom the Email Notice was returned as undeliverable, notice shall be via U.S. Mail.

   a. Before any mailing occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

f) In the event that a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is invalid and

the envelope contains a forwarding address, the Settlement Administrator shall re-send the Short Form Notice to the forwarding address within a reasonable period of time after receiving the returned Short Form Notice.

g) In the event that subsequent to the first mailing of a Short Form Notice, and at least fourteen (14) Days prior to the Opt-Out Deadline and Objection Deadline, a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is invalid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Form Notice within seven Days of receiving such information. This shall be the final requirement for mailing.

h) Publishing, on or before the Notice Date, the Claim Form, Long Form Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period.

i) A toll-free help line with an IVR system shall be made available to provide Settlement Class Members with additional information about the Settlement. The Settlement Administrator also will provide copies of the Long Form Notice and paper Claim Form, as well as this Settlement Agreement, upon request.

j) Contemporaneously with seeking Final Approval of the Settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

6.2 Reasonable Federal Rule of Civil Procedure 23 Notice and Settlement Administration Costs will be paid from the Settlement Fund.

6.3 The Settlement Administrator shall administer and calculate the Claims submitted by Settlement Class Members. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel reports as to both Claims and distribution (anticipated and actual). Class Counsel and Defendant's Counsel have the right to review and to obtain supporting documentation and to challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of whether a Claim is a Valid Claim shall be binding.

6.4 Payment of Settlement Class Member Payments for Valid Claims, whether via mailed check or electronic distribution, shall be made within sixty (60) Days after the Effective Date.

6.5 No Person shall have any claim against the Settlement Administrator, Defendant, Released Parties, Class Counsel, Plaintiffs, or Defendant's Counsel based on distributions of Settlement Class Member Payments to Settlement Class Members.

## VII. OPT-OUT PROCEDURES.

7.1 Each Person wishing to opt out of the Settlement Class shall individually sign and timely mail written notice of such intent to the designated Post Office box established by the Settlement Administrator ("Opt-Outs"). The written notice must, subject to any amendment to these requirements by the Court: (a) identify the case name and number of this Action; (b) state the Settlement Class Member's full name, address, and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. To be effective, written notice must be postmarked no later than one week after the Opt-Out Deadline, sixty (60) Days from the Notice Date.

7.2 All Opt-Outs must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion. Any Opt-Out purporting to seek exclusion on behalf of more than one Settlement Class Member is invalid and will not be deemed an effective Opt-Out by the Settlement Administrator.

7.3 Within seven (7) Days after the Opt-Out Deadline, the Settlement Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all Opt-Outs that were submitted to the Settlement Administrator. Class Counsel may present to the Court the total number of valid and timely Opt-Outs (if any) no later than fourteen (14) Days before the Final Approval Hearing.

7.4 All Settlement Class Members who timely Opt-Out of the Settlement Class shall not receive any Settlement Class Member Payment and will not be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

## VIII. OBJECTION PROCEDURE.

8.1 Any Settlement Class Member who has not excluded themselves from the Settlement and who wishes to object to the proposed Settlement must send the objection to the Settlement Administrator, Class Counsel, and Defendant's Counsel as explained in 8.4 and timely file electronically or in hard copy with the Clerk of the Court, or mail to the Court's clerk's office, a written objection(s) to the Settlement ("Objection(s)").

8.2 Each Objection must, subject to any amendment to these requirements by the Court: (a) include the case name and number of the Action; (b) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (c) contain the Settlement Class Member's personal and original signature; (d) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (e) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class (e.g., include their Settlement Class Member ID); (f) state whether the

Objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (g) set forth a statement of the legal and/or factual basis for the Objection; (h) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three years; and (i) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

8.3 In addition to the foregoing requirements, if an objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written Objection must also include: (a) the identity of witnesses whom the objecting Settlement Class Member intends to call to testify at the Final Approval Hearing and (b) a description of any documents or evidence that the objecting Settlement Class Member intends to offer at the Final Approval Hearing.

8.4 To be timely, written notice of an Objection in the appropriate form must be mailed, with a postmark date no later than one week after sixty (60) Days from the Notice Date to Defendant's Counsel and Class Counsel at the following addresses:

**To Defendant's Counsel:**

Josh Becker
Shook, Hardy & Bacon LLP
1230 Peachtree St NE #1200
Atlanta, GA 30309

**To Class Counsel:**

David Almeida
Britany Wessan
Almeida Law Group LLC
849 W. Webster Avenue
Chicago, IL 60614

Brandon Wise
Andrew Tate
Peiffer Wolf Carr
Kane Conway & Wise LLP
One US Bank Plaza, Suite 1950
St. Louis, MO 63101

C.J. Cuneo
Milberg LLC
800 South Gay Street, Suite 1100
Knoxville, TN 37929

8.5 For all Objections only mailed to Class Counsel and Defendant's Counsel, Class Counsel will file them with the Court as an exhibit to Plaintiffs' motion for final approval.

8.6 The Objection Deadline shall be included in the Short-Form and Long-Form Notices and on the Settlement Website.

8.7 Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or

to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of §VIII. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the applicable procedural rules and not through a collateral attack.

## IX. SETTLEMENT CLASS CERTIFICATION.

9.1 The Parties agree, for purposes of this Settlement only, to the certification of the Settlement Class.

9.2 If the Settlement set forth in this Settlement Agreement is not approved by the Court or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement and the certification of the Settlement Class provided for herein will be vacated and the Action shall proceed as though the Settlement Class had never been certified or settled without prejudice to any Person's or Party's position on the issue of class certification, claims, defenses, or any other issue. The Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case or action, as to which all their rights are specifically preserved.

## X. RELEASES.

10.1 Upon the Effective Date, every Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action or proceeding in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

10.2 The Released Claims include the release of Unknown Claims. For the avoidance of doubt, no claims involving personal injury are included in the Released Claims.

10.3 Notwithstanding any term herein, neither Defendant nor its Released Parties shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, and Class Counsel, and do not release any claim that does not arise out of or relate to the claims asserted in this Action or the matters resolved by this Settlement Agreement.

10.4 Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XI. ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS.

11.1 Class Counsel may petition the Court for an award of attorneys' fees of one-third of the Settlement Fund, which is approximately $1,416,666.67. Class Counsel may petition the

Court for reimbursement of costs of litigation, to be paid from the Settlement Fund. Class Counsel, in their sole discretion, shall allocate and distribute attorneys' fees, costs, and expenses awarded by the Court among them.

11.2 Class Counsel may petition the Court for a Service Award for each of the Class Representative Plaintiffs in the amount of $2,500 each (for a total of $10,000.00) to be paid from the Settlement Fund.

11.3 Class Counsel will file applications with the Court for the requested Service Awards and Attorneys' Fees and Expenses Award no later than fourteen (14) Days prior to the Objection Deadline.

11.4 If awarded by the Court, Service Awards shall be paid to Plaintiffs, via the Settlement Administrator, within fourteen (14) Days of the Effective Date and provision of an appropriate Form W-9 by each Plaintiff.

11.5 If awarded by the Court, the Attorneys' Fees and Expenses Award shall be paid to Class Counsel, via the Settlement Administrator, within fourteen (14) Days of the Effective Date.

11.6 The Parties did not discuss payment of an Attorneys' Fees and Expenses Award or Service Awards until after they had agreed on the substantive terms of the Settlement.

11.7 No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the Attorneys' Fees and Expenses Award and/or Service Awards shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## XII. PRELIMINARY APPROVAL AND NOTICE OF FINAL APPROVAL HEARING.

12.1 Plaintiffs' Motion for Preliminary Approval will request entry of a Preliminary Approval Order (**Exhibit D**) requesting, *inter alia*:

a) certification of the Settlement Class for settlement purposes only;

b) preliminary approval of the Settlement Agreement as set forth herein;

c) appointment of Class Counsel as Settlement Class Counsel;

d) appointment of Plaintiffs as Class Representatives;

e) approval of the Short Form Notice to be sent to Settlement Class Members in a form substantially similar to the one attached as **Exhibit B**;

f) approval of the Long Form Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit C**, which, together with the Short Form Notice, shall include a fair summary of the Parties' respective litigation positions, statements that the Settlement and Notice are

legitimate and that the Settlement Class Members are entitled to benefits under the Settlement, the general terms of the Settlement, instructions for how to object to or opt-out, instructions for the process and instructions for making Claims, and the date, time and place of the Final Approval Hearing;

g) approval of the Claim Form to be used by Settlement Class Members to make a claim in a form substantially similar to **Exhibit A**; and

h) appointment of the Settlement Administrator.

12.2 The Short Form Notice, Long Form Notice, and Claim Form have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Parties before submission to the Court for approval. Non-substantive revisions to these documents may also be made prior to dissemination of Notice.

## XIII. FINAL APPROVAL HEARING.

13.1 The Parties will recommend that the Final Approval Hearing shall be scheduled approximately one hundred twenty (120) Days after the entry of the Preliminary Approval Order.

13.2 The Parties may file a response to any Objection(s) no later than fourteen (14) Days before the Final Approval Hearing.

13.3 Class Counsel shall file a Motion for Final Approval no later than fourteen (14) Days before the Final Approval Hearing.

13.4 Class Counsel shall ask the Court to enter a Final Approval Order and Judgment which:

a) Finds that the Notice program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement; constitutes the best notice practicable under the circumstances; constitutes valid, due, and sufficient notice; and complies fully with the laws of Georgia, the United States, the United States Constitution, and any other applicable law;

b) Finds that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely Objections to this Settlement Agreement have been made or all timely Objections have been considered and overruled;

c) Approves the Settlement, as set forth in this Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the Settlement is in good faith, and ordering the Parties and Settlement Administrator to effectuate the Settlement in accordance with the terms of this Settlement Agreement;

d) Finds that neither the Final Approval Order and Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability or wrongdoing by any of the Parties;

e) Subject to the reservation of jurisdiction for matters discussed in subparagraph (g) below, dismisses the Action with prejudice;

f) Finds that Plaintiffs and all Settlement Class Members shall, as of the entry of the Final Approval Order and Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Parties from the Released Claims; and

g) Reserves exclusive and continuing jurisdiction over the Action and the Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment; and (ii) supervising the administration and distribution of the Settlement Fund and resolving any disputes that may arise with regard to the foregoing. The Court's exclusive and continuing jurisdiction over the Litigation and Parties shall include, without limitation, the Court's power to enforce the bar against Settlement Class Members' prosecution of Released Claims against Released Parties pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law.

## XIV. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.

14.1 The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events.

a) the Court has entered the Preliminary Approval Order;

b) Defendant has not exercised its option to terminate the Settlement Agreement;

c) the Court has entered the Judgment granting final approval to the Settlement as set forth herein; and

d) the Judgment has become Final.

The Effective Date shall be the first Day after the date when all of the foregoing conditions have occurred.

14.2 If all conditions specified in ¶ 14.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 14.3 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Settlement Agreement.

14.3 Within seven (7) Days after the Opt-Out Deadline, the Settlement Administrator shall furnish to Class Counsel and to Defendant's Counsel a complete list of all timely and valid requests for exclusion ("Opt-Out List"). If the number of Opt-Outs exceeds 150 Settlement Class Members, Defendant shall have the option, but not the obligation, to terminate the Settlement Agreement.

14.4 In the event that the Settlement Agreement or the releases set forth in § X are not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

14.5 Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, Defendant shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class above and shall not, at any time, seek recovery of same from any other party to the Action or from counsel to any other party to the Action, with the exception of a material breach of this Agreement or violation of court order issued in this Action.

## XV. MISCELLANEOUS PROVISIONS.

15.1 The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

15.2 The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

15.3 The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties each agree that the Settlement was negotiated in good faith by and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Action, except as set forth herein.

15.4 Neither this Settlement Agreement, the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Defendant Released Parties or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendant Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Defendant Released Parties may file the Settlement Agreement and/or the Judgment in any action

that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or defense or counterclaim.

15.5 The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties and their counsel or their respective successors-in-interest.

15.6 This Settlement Agreement contains the entire understanding between Defendant and Plaintiffs and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendant and Plaintiffs in connection with the payment of the Settlement. Except as otherwise provided herein, each Party shall bear its own costs.

15.7 Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

15.8 Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so. Execution by electronic means is acceptable.

15.9 The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

15.10 The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

15.11 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.

15.12 As used herein, “he” means “he, she, or it;” “his” means “his, hers, or its,” and “him” means “him, her, or it.”

15.13 All dollar amounts are in United States dollars (USD).

15.14 For those Settlement Class Members electing to receive payment by check, all Settlement checks shall be void ninety (90) days after issuance and shall bear the language: “This check must be cashed within 90 days, after which time it is void.” If a check becomes void, the Settlement Class Member shall have until one hundred twenty (120) days after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member’s right to receive monetary relief shall be extinguished, and Defendant shall have no

obligation to make payments to the Settlement Class Member. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred twenty (120) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**SO AGREED FOR PLAINTIFFS:**

By: ____________________
Suzanne Fehr
Representative Plaintiff

By: ____________________
Susan Mares
Representative Plaintiff

By: ____________________
Kerry Morris
Representative Plaintiff

By: ____________________
Amimul Sadequee 2026-07-20
Representative Plaintiff

Amimul Sadequee

By: ____________________
David S. Almeida
Britany A. Wessan
**ALMEIDA LAW GROUP LLC**

*Settlement Class Counsel*

By: ____________________
Brandon M. Wise 2026-07-20
Andrew R. Tate
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

*Settlement Class Counsel*

Brandon Wise

By: ____________________
Gary M. Klinger
**MILBERG LLC**

*Settlement Class Counsel*

**SO AGREED FOR DEFENDANT:**

By: ____________________
Leo Reichert
General Counsel

*Wellstar Health System*

By: ____________________
Joshua L. Becker
**SHOOK, HARDY & BACON LLP**

*Defendant's Counsel*



This document is signed using GetAccept Digital Signature Technology.
Fingerprint: e276042be3af88250dbcac549e3cca127b644cf6d1e2110cc1a63327d9a887f75c051453883f97fd841ee7b2b499475efb8d7380b88296f40a8354c238038c54

**SO AGREED FOR PLAINTIFFS:**

By: ____________________
Suzanne Fehr
Representative Plaintiff

By: susan mares (Jul 21, 2026 08:51:59 EDT)
Susan Mares
Representative Plaintiff

By: ____________________
Kerry Morris
Representative Plaintiff

By: ____________________
Amimul Sadequee
Representative Plaintiff

By: ____________________
David S. Almeida
Britany A. Wessan
**ALMEIDA LAW GROUP LLC**

*Settlement Class Counsel*

By: ____________________
Brandon M. Wise
Andrew R. Tate
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

*Settlement Class Counsel*

By: ____________________
C.J. Cuneo
**MILBERG LLC**

*Settlement Class Counsel*

**SO AGREED FOR DEFENDANT:**

By: ____________________
Leo Reichert
General Counsel

*Wellstar Health System*

By: ____________________
Joshua L. Becker
**SHOOK, HARDY & BACON LLP**

*Defendant's Counsel*

**SO AGREED FOR PLAINTIFFS:**

By: ____________________
Suzanne Fehr
Representative Plaintiff

By: ____________________
Susan Mares
Representative Plaintiff

By: Kerry Morris (Jul 20, 2026 20:32:52 EDT)
Kerry Morris
Representative Plaintiff

By: ____________________
Amimul Sadequee
Representative Plaintiff

By: ____________________
David S. Almeida
Britany A. Wessan
**ALMEIDA LAW GROUP LLC**

*Settlement Class Counsel*

By: ____________________
Brandon M. Wise
Andrew R. Tate
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

*Settlement Class Counsel*

By: ____________________
C.J. Cuneo
**MILBERG LLC**

*Settlement Class Counsel*

**SO AGREED FOR DEFENDANT:**

By: ____________________
Leo Reichert
General Counsel

*Wellstar Health System*

By: ____________________
Joshua L. Becker
**SHOOK, HARDY & BACON LLP**

*Defendant's Counsel*

**SO AGREED FOR PLAINTIFFS:**

By: ____________________
Suzanne Fehr
Representative Plaintiff

By: ____________________
Susan Mares
Representative Plaintiff

By: ____________________
Kerry Morris
Representative Plaintiff

By: ____________________
Amimul Sadequee
Representative Plaintiff

By: ____________________
David S. Almeida
Britany A. Wessan
**ALMEIDA LAW GROUP LLC**

*Settlement Class Counsel*

By: ____________________
Brandon M. Wise
Andrew R. Tate
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

*Settlement Class Counsel*

By: ____________________
Gary M. Klinger
**MILBERG LLC**

*Settlement Class Counsel*

**SO AGREED FOR DEFENDANT:**

By: ____________________
Leo Reichert
General Counsel

*Wellstar Health System*

By: ____________________
Joshua L. Becker
**SHOOK, HARDY & BACON LLP**

*Defendant's Counsel*

# EXHIBIT A

# WELLSTAR PIXEL SETTLEMENT CLAIM FORM

***Doe v. Wellstar Health System***
**Case No. 1:24-cv-01748**
**United States District Court for the Northern District of Georgia**

**USE THIS FORM TO MAKE A CLAIM FOR A CASH PAYMENT.**

**This Claim Form must be postmarked or submitted online by: DATE.**

## I. GENERAL INSTRUCTIONS

Plaintiffs allege that Defendant disclosed Settlement Class Members' personally identifiable information and protected health information ("Private Information") to third parties including, but not limited to, Meta Platforms, Inc. d/b/a Meta and Google LLC via tracking pixels, cookies, and other tracking technologies ("Tracking Technologies") installed on Defendant's website and patient portal ("Web Properties"). Plaintiffs allege that Defendant's implementation and usage of the Tracking Technologies resulted in the invasion of Plaintiffs' and Settlement Class Members' privacy. Defendant denies the allegations in the lawsuit but has agreed to settle the lawsuit. The Court has not decided which party is right.

**You are a member of the Settlement Class if you are a person residing in the United States whose information was disclosed to a third party between February 19, 2020 and July 22, 2026 through Tracking Technologies on Wellstar's Web Properties.**

As a Settlement Class Member, you may be eligible to submit a Claim Form to receive a pro rata (a legal term meaning equal share) cash payment from the $4,250,000 Settlement Fund.

The amount of your cash payment will be determined after deducting Notice and Settlement Administration Costs and all Court-approved Service Awards and Attorneys' Fees and Expenses Awards from the Settlement Fund.

This Claim Form may be submitted online at www.xxxxxxxxxxxxx.com or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. Mail to:

*WELLSTAR PIXEL SETTLEMENT*
P.O. Box XXXX
Portland, OR XXXXX-XXXX

## II. CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If your information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

First Name M.I. Last Name

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2

City State ZIP Code

Telephone Number

Email Address

Unique ID Number Provided on Mailed Notice (if known)

PIN

## III. PREFERRED PAYMENT METHOD

If your Claim is eligible, you will receive payment by check unless you select one of the electronic payment options below and provide the email address **or** phone number associated with your account:

○ **Venmo**
Phone number associated with your Venmo account:

○ **PayPal**
Email address associated with your PayPal account:

○ **Zelle**
Phone number associated with your Zelle account:

○ **ACH/Direct Deposit**
ABA Routing Number | Account Number

## IV. CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the information I have provided in this Claim Form is true and correct to the best of my knowledge. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all cash payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

Signature

Date ___________________

Print Name

# EXHIBIT B

Wellstar Pixel Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

BARCODE
NO-PRINT
ZONE

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. 2882

## Court-Approved Notice of Settlement

If your **information** was disclosed to a third party between February 19, 2020 and July 22, 2026, through Tracking Technologies on Wellstar Health System, Inc.'s website and patient portal, you may be entitled to a pro rata cash payment from a Settlement.

**LEARN MORE**
Scan this QR code to visit the Settlement Website.

<<MAIL ID>>
<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<ADDRESS3>>
<<ADDRESS4>>
<<ADDRESS5>>
<<CITY,>> <<STATE>> <<ZIPCODE>>
<<COUNTRY>>

Barcode No-Print Zone

## Lawsuit Background

You may be eligible for a pro rata (a legal term meaning equal share) cash payment from a **$4,250,000 class action settlement** involving Wellstar Health System, Inc. ("Defendant").

Plaintiffs allege Defendant disclosed Settlement Class Members' personally identifiable information and protected health information to third parties, including Meta Platforms, Inc. d/b/a Meta and Google LLC via tracking pixels, cookies, and other tracking technologies installed on Defendant's website and patient portal. Defendant denies the allegations in the lawsuit and has agreed to settle the lawsuit, *Doe v. Wellstar Health System, Inc.*, Case No. 1:24-cv-01748, United States District Court for the Northern District of Georgia.

**Who is included? Records show you are a Settlement Class Member** defined as: all persons residing in the United States whose information was disclosed to a third party between February 19, 2020 and July 22, 2026, through Tracking Technologies on Wellstar's Web Properties.

## What Does the Settlement Provide?

As a Settlement Class Member, you can submit a Claim online or by mail postmarked by **Month DD, 20YY**, to receive:

**A pro rata (a legal term meaning equal share) Cash Payment from the Settlement.**

**The amount of your cash payment will be determined after deducting Notice and Settlement Administration Costs and all Court-approved Service Awards and Attorneys' Fees and Expenses Awards from the Settlement Fund.**

Cash payments from the Settlement will be provided after the Settlement is approved by the Court.

This notice is a summary. Learn more at www.XXXXXXXXXXXXXXX.com, or call toll-free 1-XXX-XXX-XXXX.

## Other Options

**Opt-Out postmarked by Month DD, 20YY.** You may submit an opt-out if you do not want to be part of the Settlement Class. The Court will exclude Settlement Class Members who request to opt-out. If you do *not* opt-out, you will be bound by the Settlement and any orders or judgments.

**Object by Month DD, 20YY.** You may object to the Settlement if you do not opt-out. The Long Form Notice on the Settlement Website explains how to opt-out or object.

**Do Nothing.** You will get no cash payment from the Settlement, and you will be bound by the Settlement and any orders or judgments.

**Final Approval Hearing on Month DD, 20YY.** The Court will decide whether to approve the Settlement, Class Counsel's attorneys' fees up to 1/3rd of the Settlement Fund and costs, and any objections. You or your lawyer may ask to appear at the hearing, but it is not required.

**Wellstar Pixel Settlement**

Submit your Claim by **Month DD, 20YY**

Unique ID: <<UniqueID>>

Pin: <<Pin>>

**Submit Your Claim**

Scan here or visit www.XXXXXXXXXXXXXXX.com

# EXHIBIT C

# If your **information** was disclosed to a third party between February 19, 2020 and July 22, 2026 through Tracking Technologies on Wellstar Health System, Inc.'s website and patient portal, you may be entitled to a pro rata cash payment from a Settlement.

**Court-Approved Notice of Settlement.** You may be eligible for a cash payment from a **$4,250,000 class action settlement** involving Wellstar Health System, Inc. ("Defendant"). Plaintiffs allege that Defendant disclosed Settlement Class Members' personally identifiable information and protected health information to third parties including, but not limited to, Meta Platforms, Inc. d/b/a Meta and Google LLC via tracking pixels, cookies, and other tracking technologies installed on Defendant's website and patient portal (the "Web Properties").

Defendant denies the allegations in the lawsuit and has agreed to settle the lawsuit, *Doe v. Wellstar Health System, Inc.*, Case No. 1:24-cv-01748, United States District Court for the Northern District of Georgia. The Court has not decided which party is right.

- **Settlement Class**: You are a member of the Settlement Class if you are a person residing in the United States whose information was disclosed to a third party between February 19, 2020, and July 22, 2026 through Tracking Technologies on Wellstar's Web Properties.
- **Submit a Claim:** If you are a member of the Settlement Class, you can submit a Claim online or by mail postmarked by **Month DD, 20YY**, to receive:

**A pro rata (a legal term meaning equal share) cash payment from the Settlement.**

**The amount of your cash payment will be determined after deducting Notice and Settlement Administration Costs and all Court-approved Service Awards and Attorneys' Fees and Expenses Awards from the Settlement Fund.**

| Your Legal Rights & Options | Important Dates |
|---|---|
| **Submit a Claim:** You must submit a Claim to receive a pro rata (a legal term meaning equal share) cash payment from the Settlement. | Submit or postmarked by: **Month DD, 20YY** |
| **Opt-Out:** You may submit an opt-out if you do not want to be part of the Settlement Class. The Court will exclude Settlement Class Members who request to opt-out. | Postmarked by: **Month DD, 20YY** |
| **Object:** You may object to the Settlement if you do not opt-out. | File by: **Month DD, 20YY** |
| **Do Nothing:** You will get no cash payment from the Settlement, and you will be bound by the Settlement and any orders or judgments. | |
| **Final Approval Hearing:** The Court will decide whether to approve the Settlement, Class Counsel's attorneys' fees and costs, Service Awards, and any objections. | Final Approval Hearing: **Month DD, 20YY** |

**LEARN MORE**
Scan this QR code, call toll-free 1-XXX-XXX-XXXX
or visit www.XXXXXXXXXXXXXXX.com

# NOTICE OF CLASS ACTION SETTLEMENT

## 1. Why is this notice being provided?

This notice explains that a settlement was reached in a class action lawsuit called *Doe v. Wellstar Health System, Inc.*, Case No. 1:24-cv-01748, United States District Court for the Northern District of Georgia, being handled by Judge J.P. Boulee.

The individuals who filed this lawsuit are called the "Plaintiffs" or "Class Representatives" and the company they filed a lawsuit against, Wellstar Health System, Inc., is called the "Defendant." Defendant denies it did anything wrong. The Court has not decided who is right or wrong. Instead, the Plaintiffs and Defendant have agreed to a settlement for the class action lawsuit.

## 2. What is the Settlement about?

A $4,250,000 class action settlement was reached in a class action lawsuit involving Defendant.

Plaintiffs allege that Defendant disclosed Settlement Class Members' personally identifiable information and protected health information ("Private Information") to third parties including, but not limited to, Meta Platforms, Inc. d/b/a Meta and Google LLC via tracking pixels, cookies, and other tracking technologies ("Tracking Technologies") installed on Defendant's website and patient portal ("Web Properties"). Plaintiffs allege that Defendant's implementation and usage of the Tracking Technologies resulted in the invasion of Plaintiffs' and Settlement Class Members' privacy.

## 3. Why is this lawsuit a class action?

In a class action, one or more people (called class representatives) file a lawsuit for others who have the same legal claims. Together, these people are called a "class" or "class members." One court resolves the issues for all class members, except for those class members who opt-out of the class by the deadline.

# Settlement Class

## 4. How do I know if I am included in the Settlement Class?

You are a member of the Settlement Class if you are a person residing in the United States whose information was disclosed to a third party between February 19, 2020, and July 22, 2026 through Tracking Technologies on Wellstar's Web Properties.

## 5. Are there exceptions to being included in the Settlement Class?

Yes, the Settlement Class excludes: (a) any Judge presiding over this Action, any members of the Judges' respective staffs, and immediate members of the Judge's family; (b) officers and directors of the Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (c) persons who timely and validly request exclusion from or opt out of the Settlement Class; (d) the legal representatives, successors, or assigns of any such excluded persons; and (e) Class Counsel.

## 6. What if I am still not sure if I am a member of the Settlement Class?

If you are still not sure if you are a member of the Settlement Class, you may go to www.XXXXXXXXXXX.com or call toll-free 1-XXX-XXX-XXXX for more information.

# Settlement Benefits

## 7. What does the Settlement provide?

Defendant has agreed to pay $4,250,000 into a Settlement Fund. This money will be used to provide pro rata (a legal term meaning equal share) cash payments to members of the Settlement Class who submit a Claim. You must submit your Claim before the deadline and your Claim must be considered valid to receive a cash payment.

Any residual funds remaining in the Net Settlement Fund after distribution of the cash payments will be issued to Good Samaritan Health Center of Cobb, subject to Court approval.

## 8. What can I get from the Settlement?

If you are a member of the Settlement Class, you may submit a Claim to receive a pro rata (a legal term meaning equal share) cash payment.

**The amount of your cash payment will be determined after deducting Notice and Settlement Administration Costs and all Court-approved Service Awards and Attorneys' Fees and Expenses Awards from the Settlement Fund.**

# Submit a Claim

## 9. How do I submit a Claim?

You can submit a Claim online or by mail. A Claim Form is also available at www.XXXXXXXXXXX.com or by calling 1-XXX-XXX-XXXX or by writing to the address for mailing your Claim:

**Option 1 – Submit Online**

Complete and submit your Claim by **Month DD, 20YY**. Scan the QR code or go to: www.XXXXXXXXXXX.com.

**Option 2 – Submit by Mail**

Complete and submit your Claim by mail, **postmarked** by **Month DD, 20YY**, and mailed to:

Wellstar Pixel Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

## 10. What happens if my contact information changes?

If your mailing address or email address changes, please send your new contact information in writing to:

Wellstar Pixel Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

## 11. When will I receive a cash payment from the Settlement?

Pro rata (a legal term meaning equal share) cash payments from the Settlement will be provided after the Settlement is approved by the Court. This may take time. Please check www.XXXXXXXXXXX.com for updates.

# Release

## 12. What am I giving up to receive a cash payment or stay in the Settlement Class?

If the Settlement is approved and becomes final, all Court orders and any judgments will apply to you and legally bind you. This means you will not be able to continue or be part of any other lawsuit against the Released Parties about the Released Claims in this lawsuit. A release means you are giving up your right to be part of a different lawsuit against the Released Parties for the legal issues covered by the Settlement.

Section X of the Settlement Agreement describes the Releases in necessary legal terminology, so please read that information carefully. The Settlement Agreement is available at www.XXXXXXXXXXX.com. If you have questions about the Releases and what the language in the Settlement Agreement means, you can contact Class Counsel listed below for free, or you can talk to your own lawyer at your own cost.

# Opt-Out of the Settlement Class

## 13. What happens if I opt out of the Settlement Class?

You may opt out of the Settlement Class and the Court will exclude you. If you do not want to be included in the Settlement Class, you must opt out.

If you opt out:

- **You will not receive a cash payment from the Settlement.**
- You cannot object to the Settlement; and
- The Settlement and any judgments will *not* apply to you. You will keep your legal right to be part of another lawsuit about the legal claims against the Released Parties involved in the Settlement.

## 14. How do I opt-out of the Settlement Class?

To opt out of the Settlement Class, you must mail a written request and include the following information:

1) Your name, address, and telephone number;
2) Your personal signature; and
3) A statement that you want to opt-out of the Settlement Class, such as "I want to opt-out of the Settlement Class in *Doe v. Wellstar Health System, Inc.*, Case No. 1:24-cv-01748, United States District Court for the Northern District of Georgia."

Your opt-out must be **postmarked** by **Month DD, 20YY**, and **mailed** to:

Wellstar Pixel Settlement
Opt-Out
PO Box XXXX
Portland, OR 972XX-XXXX

**You cannot opt out of the Settlement Class by telephone or by email.**

"Mass" opt-outs are opt-outs submitted for multiple Settlement Class Members by a third-party. Mass opt-outs will not be allowed.

## 15. If I opt out of the Settlement Class, will I get anything from the Settlement?

No. If you opt out of the Settlement Class, you will not receive anything from the Settlement. The Settlement will not apply to you, and you will not be bound by it or any judgments. **If you want to receive a cash payment from the Settlement, do not opt-out of the Settlement Class.**

## 16. If I opt out of the Settlement by mistake, can I still submit a Claim?

Yes. You may submit a Claim. Please contact the Settlement Administrator to confirm that you want to **withdraw your request to opt-out** and you want to submit a Claim. If you do not withdraw your request to opt-out, you will be excluded and will not receive a cash payment from the Settlement.

## 17. If I do not opt-out of the Settlement Class, can I file a lawsuit for the same thing later?

No. You will give up your right to be part of a lawsuit against the Defendant and Released Parties for the legal claims involved in this Settlement. You will be bound by the Settlement, orders, and judgments in the lawsuit.

# Object to the Settlement

## 18. How do I tell the Court I do not like the Settlement?

As a member of the Settlement Class, you can file an objection to tell the Court you do not like any part of the Settlement. The Court can only approve or deny the current Settlement. If the Court does not approve the Settlement, no cash payments will be provided.

To object, you must file a written objection with the Court. Your objection must state that you object to the Settlement in *Doe v. Wellstar Health System, Inc.*, Case No. 1:24-cv-01748, and must include the following information:

1) Your full name, current address, telephone number, and email address;
2) If you are represented by a lawyer, or received assistance from a lawyer in drafting your objection, the name, address, telephone number, and email address of the lawyer;
3) The basis for your belief that you are a Settlement Class Member (e.g., including your Settlement Class Member Unique ID);
4) If your objection applies to you only, part of the Settlement Class, or the entire Settlement Class;
5) The legal and/or factual basis for your objection;
6) A list, including the case name, court, and docket number, of all other cases in which you as the objector or your lawyer has filed an objection to any proposed class action settlement in the past three (3) years;

7) State whether you intend to appear at the Final Approval Hearing and if so, whether personally or through your lawyer;
8) If you or your lawyer intend to appear, the identity of witnesses whom you intend to call to testify at the Final Approval Hearing and a description of any documents or evidence that you intend to offer at the Final Approval Hearing; and
9) Your signature as the objector. A lawyer's signature alone is not adequate.

To object, you must file a written objection with the Court so it is **received** by **Month DD, 20YY**. You must also send your objection to Class Counsel, Defendant's Counsel, and the Settlement Administrator **postmarked** by **Month DD, 20YY,** via US Mail to:

| | |
|---|---|
| **Court** | Clerk<br>U.S. District Court<br>Richard B. Russell Federal Building<br>2211 United States Courthouse<br>75 Ted Turner Dr, SW<br>Atlanta, GA 30303 |
| **Class Counsel** | David Almeida<br>Britany Wessan<br>Almeida Law Group LLC<br>849 W. Webster Ave<br>Chicago, IL 60614<br><br>Brandon Wise<br>Andrew Tate<br>Peiffer Wolf Carr<br>Kane Conway & Wise LLP<br>One US Bank Plaza, Suite 1950<br>St. Louis, MO 63101<br><br>Gary Klinger<br>Milberg LLC<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 60606 |
| **Defendant's Counsel** | Josh Becker<br>Shook, Hardy & Bacon LLP<br>1230 Peachtree St NE #1200<br>Atlanta, GA 30309 |
| **Settlement Administrator** | Wellstar Pixel Settlement<br>Settlement Administrator<br>PO Box XXXX<br>Portland, OR 972XX-XXXX |

## Opt-Outs & Objections

### 19. What is the difference between opting out of the Settlement Class and objecting to the Settlement?

**Opting out** is telling the Court you do not want to be in the Settlement Class. If you opt-out of the Settlement Class, you cannot object or submit a Claim because you are no longer part of the Settlement Class, and the Settlement does not apply to you.

**Objecting** is telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class and you do not opt-out of the Settlement Class. If you object, you can submit a Claim because you are still part of the Settlement Class.

## Postmark Deadlines

### 20. What do I need to know about postmark deadlines?

Please note that per the United States Postal Service, mail may *not* be postmarked the day it is put in a mailbox or dropped off at a local post office. Postmarks occur when mail reaches a processing facility.

To meet a postmark deadline, it is recommended that you **mail at least a week prior to a postmark deadline**, get a manual postmark in-person at any post office, or send via Certified Mail.

## Do Nothing

### 21. What happens if I do nothing?

If you do nothing, you will stay in the Settlement Class, and the Settlement will apply to you. You must submit a Claim to receive a cash payment from the Settlement. If you do nothing, you will be legally bound by the Court's orders and judgments.

## Class Counsel

### 22. As a member of the Settlement Class, do I have a lawyer in the lawsuit?

Yes. For a class action lawsuit, a judge selects lawyers called "Class Counsel" to handle the lawsuit for all class members. For this lawsuit, the Court selected lawyers David Almeida and Britany Wessan of Almeida Law Group LLC, Brandon Wise and Andrew Tate of Peiffer Wolf Carr Kane Conway & Wise, LLP, and Gary Klinger of Milberg LLC as Class Counsel.

You may hire your own lawyer at your own cost if you want a lawyer other than Class Counsel to represent you in this lawsuit.

### 23. How will Class Counsel be paid?

Class Counsel will ask the Court for attorneys' fees of one-third of the Settlement Fund, plus reimbursement of costs and Service Awards for the Class Representatives of $2,500 each. If awarded by the Court, these requested amounts will be paid from the Settlement Fund. The Court may award less than these amounts.

## Final Approval Hearing

### 24. When is the Final Approval Hearing?

**When:** **Month DD, 20YY, at XX:XX [am/pm] [time zone]**

**Where:** Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Dr, SW, Atlanta, GA 30303

The date and time of the hearing may change without further notice. You should check www.XXXXXXXXXXX.com to confirm the date and time of the hearing. The Court may decide to hold the hearing by video or telephone.

At the Final Approval Hearing, the Court will decide whether to approve the Settlement, Class Counsel's attorneys' fees and costs, Service Awards, and any objections.

Cash payments will be provided only if the Court approves the Settlement.

## 25. Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions from the judge. You may attend the hearing at your own expense, but you do not have to attend. If you file an objection, you do not have to attend the hearing to speak about it. If your objection is filed by the deadline, the Court will consider it.

## 26. May I speak at the Final Approval Hearing?

You or your lawyer may ask to appear at the hearing if you file an objection, but it is not required. If you file an objection by the deadline, the Court may listen to your objection at the hearing.

# Get More Information

## 27. How do I get more information?

Here are the ways to get more information.

**Scan:**

**Visit:**
www.XXXXXXXXXXX.com

**Call:**
1-XXX-XXX-XXXX

**Email:**
info@XXXXXXXXXXX.com

**Write:**
Wellstar Pixel Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**PLEASE DO NOT CALL THE COURT OR CLERK'S OFFICE ABOUT THIS NOTICE.**

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE, JANE DOE # 2, JANE DOE # 3, and JOHN DOE *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLSTAR HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No. 1:24-cv-01748-JPB |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion requests preliminary approval of the Parties' Settlement, preliminary certification of the proposed Settlement Class for settlement purposes, and approval of the proposed Notice plan.[1]

The Court has reviewed the Motion and supporting papers, including the Settlement Agreement and Release entered into between Plaintiffs and Defendant Wellstar Health System, Inc., which is attached as Exhibit A to Plaintiffs'

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

Memorandum in Support of Preliminary Approval. Having reviewed Plaintiffs' request for preliminary approval, the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Further, the Court preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate. Accordingly, for good cause appearing in the record, **IT IS HEREBY ORDERED THAT:**

1. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2. **Preliminary Approval of the Settlement.** The Settlement Agreement, including the proposed Notice plan and forms of Notice to the Settlement Class, the appointment of Plaintiffs as Settlement Class Representatives, the appointment of Proposed Class Counsel as Class Counsel for the Settlement Class, the appointment of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator, the various forms of class relief provided under the terms of the Settlement Agreement, and the proposed method of distribution of Settlement Class Member Benefits, are preliminarily

approved as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

3. **Preliminary Certification of the Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), and for settlement purposes only, the Court hereby provisionally certifies the following Settlement Class: All persons residing in the United States whose information was disclosed to a third party between February 19, 2020 and the date of this Agreement through Tracking Technologies on Wellstar's Web Properties.

Excluded from the Settlement Class are: (a) any Judge presiding over this Action, any members of the Judges' respective staffs, and immediate members of the Judge's family; (b) officers and directors of the Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (c) persons who timely and validly request exclusion from or opt out of the Settlement Class; (d) the legal representatives, successors, or assigns of any such excluded persons; and (e) Class Counsel.

4. **Rule 23 Findings.** The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). For settlement purposes, and based on the information provided, the Court preliminarily finds that: the Settlement Class

is ascertainable; the Settlement Class consists of approximately 870,000 individuals, satisfying numerosity; there are common questions of law and fact, satisfying commonality; the Settlement Class Representatives' claims are typical of the claims of the other Settlement Class Members in that they allege they were injured by the same conduct and in the same or similar ways, satisfying typicality; the Settlement Class Representatives will fully, fairly, and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Class and they have retained Class Counsel who are experienced and competent to prosecute this matter; questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

5. **Appointment of Settlement Class Representatives.** The Court hereby appoints Plaintiffs Jane Doe (Suzanne Fehr), Jane Doe #2 (Susan Mares), Jane Doe #3 (Kerry Morris), and John Doe (Amimul Sadequee) as Settlement Class Representatives for the Settlement Class.

6. **Appointment of Class Counsel.** Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby appoints the following attorneys as Class Counsel for the Settlement Class: David Almeida and Britany Wessan of Almeida Law

Group LLC, Brandon Wise and Andrew Tate of Peiffer Wolf Carr Kane Conway & Wise, LLP, and C.J. Cuneo of Milberg LLC.

7. **Attorneys' Fees and Expenses.** Class Counsel shall submit their application for payment of Attorneys' Fees and Expenses no later than fourteen (14) days before the Objection Deadline.

8. **Requests for Exclusion.** Any individual within the Settlement Class who wishes to exclude themselves from the Settlement must individually sign and timely mail written notice of such intent to the designated Post Office box established by the Settlement Administrator ("Opt-Outs"). The written notice must, subject to any amendment to these requirements by the Court: (a) identify the case name and number of this Action; (b) state the Settlement Class Member's full name, address, and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. To be effective, written notice must be postmarked no later than one week after the Opt-Out Deadline, sixty (60) Days from the Notice Date.

Any request for exclusion seeking exclusion on behalf of more than one individual, or any mass or class opt-out, shall be deemed invalid by the

Settlement Administrator. Any individual within the Settlement Class who does not timely and validly request exclusion shall be bound by the terms of the Settlement Agreement, including all releases and covenants therein, and all subsequent proceedings, orders, and judgments in this Action.

9. **Effect of Exclusion.** Any individual who submits a timely and valid request for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

10. **Objections.** Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement may object to the Settlement, Class Counsel's application for Attorneys' Fees and Expenses, and/or the application for Service Awards. To be considered by the Court, a written objection must be mailed to Class Counsel, Counsel for Wellstar, and the Settlement Administrator and timely filed electronically or in hard copy with the Clerk of the Court, or mailed to the Court's clerk's office, no later than the Objection Deadline, which is sixty (60) days after the Notice Date. Each objection must (a) include the case name and number of the Action; (b) set forth the Settlement Class Member's full name, current address, telephone

number, and email address; (c) contain the Settlement Class Member's personal and original signature; (d) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (e) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class (e.g., include their Settlement Class Member ID); (f) state whether the Objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (g) set forth a statement of the legal and/or factual basis for the Objection; (h) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three years; and (i) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel. If an objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written Objection must also include: (a) the identity of witnesses whom the objecting Settlement Class Member intends to call to testify at the Final Approval Hearing and (b) a

description of any documents or evidence that the objecting Settlement Class Member intends to offer at the Final Approval Hearing.

Any Settlement Class Member who fails to object to the Settlement in the manner described above shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Agreement by appeal or any other means.

11. **Appointment of Settlement Administrator.** The Court hereby appoints Epiq as the Settlement Administrator, to perform the duties and responsibilities set forth in the Settlement Agreement and this Order.

12. **Approval of Notice Program.** The Court approves, as to the form and content, the Notice plan set forth in the Settlement Agreement and the Declaration of Cameron R. Azari, Esq. Regarding Notice Plan, including the proposed Long Form Notice, Postcard Notice, and Claim Form attached to the Settlement Agreement. The Court further approves the establishment of the Settlement Website, the toll-free number, and the post-office box. The Court finds that such Notice plan meets the requirements of Federal Rule of Civil Procedure 23(c), the constitutional requirement of the Due Process Clause(s) of the United States and Georgia Constitutions, and any other legal requirements, and is the best notice practicable under the circumstances, and

shall constitute due and sufficient notice to all persons and entities entitled to such notice. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

13. **CAFA Notice.** Wellstar shall serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), not later than ten (10) days after the filing of the Motion.

14. **Claims Process and Distribution of Cash Benefits.** The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any monetary benefit under the Settlement that requires submission of a claim but fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form, shall be forever barred from receiving any such monetary benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the

releases included in the Settlement, and the Final Approval Order and Judgment.

15. **Stay of Proceedings.** Except as necessary to effectuate this Order and the Settlement Agreement, all proceedings and deadlines in this Action are stayed and suspended pending the Final Approval Hearing and the issuance of the Final Approval Order and Judgment, or until further order of this Court.

16. **Termination of the Settlement and Use of this Order.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of Plaintiffs and Wellstar, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever. In such event, this Order shall not be construed or used as an admission, concession, or declaration by or against Wellstar of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that

his or her claims lack merit or that any relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense (including any defense to class certification) or any claims he or she may have in this Action or in any other lawsuit. Any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

**17. Final Approval Hearing.** A Final Approval Hearing shall be held before the Court on __________________, 2026 at ______ a.m/p.m. for the following purposes:

a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court;

b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

c. To determine whether the Notice program as conducted was appropriate;

d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

e. To determine whether the requested Attorneys' Fees of up to one third of the Settlement Fund, plus Expenses, and a Service Award to each Settlement Class Representative not to exceed $2,500 should be approved by the Court;

f. To determine whether the Settlement Class Member Benefits are fair, reasonable, and adequate; and

g. To rule upon such other matters as the Court may deem appropriate.

**18. Continuance of Final Approval Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

**19. Summary of Deadlines.** The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

| **ACTION** | **DEADLINE** |
|---|---|
| Defendant Provides Class Lists to Settlement Administrator | Within 14 days after entry of the Preliminary Approval Order |
| Notice Date (Notice Program Commences) | Within 30 days after entry of the Preliminary Approval Order |
| Opt-Out Deadline | 60 days after the Notice Date |
| Objection Deadline | 60 days after the Notice Date |
| Deadline to File Motion for Attorneys' Fees, Expenses, and Service Awards | 14 days before the Objection Deadline |
| Claim Form Deadline | 75 days after the Notice Date |

| **ACTION** | **DEADLINE** |
|---|---|
| Deadline for Motion for Final Approval and Response to Objections | At least 14 days before the Final Approval Hearing |
| Final Approval Hearing | No earlier than 90 days after CAFA Notices are served; otherwise at the Court's convenience |

**IT IS SO ORDERED** this ___ day of July, 2026.

______________________________
Hon. J. P. Boulee
United States District Judge